UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SATURNINO FLORES,

        Petitioner,

v.

C. INGRAM,

        Respondent.

Case No. C14-1429-TSZ-BAT

**REPORT AND RECOMMENDATON**

In this 28 U.S.C. § 2241 habeas action, Saturnino Flores requests the Court order the dismissal of untried state charges pending against him in Oregon. Dkt. 1. Because it plainly appears from the petition that Mr. Flores is not entitled to relief, the Court recommends the petition be **DENIED** and the matter be **DISMISSED** without prejudice.

## BACKGROUND

Mr. Flores is a federal prisoner who is currently confined in the Federal Detention Center at SeaTac, Washington ("FDC SeaTac"). Dkt. 1. While incarcerated, Mr. Flores was informed by prison officials of certain detainers lodged against him, originating in Oregon. *Id.* at 2. Mr. Flores contends that, pursuant to the Interstate Agreement on Detainers Act, 18 U.S.C. App. II ("IADA"), he "submitted a letter of demand for resolution of outstanding charges . . . The letter was submitted to both the Clerk of the Court in Pendleton, Oregon and to the Umatilla County

1  District Attorney on July 30, 2014.  The letter gave notice of his place of incarceration, and was
2  certified by prison administrator A.R. Ashford." *Id.*  Having received no response to these
3  letters, Mr. Flores contends that on August 28, 2014, he sent additional requests for a speedy trial
4  to the District Attorney in Umatilla County, Pendleton, Oregon; and the Circuit Court in
5  Umatilla County in Pendleton, Oregon.  *See* Exhibit 1 to Dkt. 1.
6  Mr. Flores argues the outstanding detainer causes prejudice because he is prohibited from
7  being sent to a halfway house that he is otherwise eligible for, and because he is "prevented from
8  transitioning from prison back to the community in a manner that will assure him the greatest
9  potential opportunity for success." Dkt. 1 at 3.

## DISCUSSION

11  The Court has jurisdiction over Mr. Flores's § 2241 petition because he is confined in this
12  District at FDC SeaTac.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

**A.    Mr. Flores's Petition is Premature Under the IADA**

14  The IADA is an interstate compact that is "designed to encourage the expeditious and
15  orderly disposition of charges filed in one jurisdiction against persons already incarcerated in
16  another jurisdiction." *United States v. Collins*, 90 F.3d 1420, 1425 n.1 (9th Cir. 1996) (*citing* 18
17  U.S.C. App. II, art. I.).  Under the IADA, a prisoner serving a term of imprisonment in one
18  jurisdiction is entitled to demand a trial within 180 days on charges pending in a different
19  jurisdiction.  18 U.S.C. App. II, art. III(a).  Article V(c) of the IADA provides for dismissal with
20  prejudice if trial does not commence within the 180-day period.  The United States and the State
21  of Oregon are parties to the IADA.  18 U.S.C. App. II, art. II(a) ("State" includes "the United
22  States of America"); ORS § 135.775.
23  As the Court understands the argument, Mr. Flores contends that because the pending

REPORT AND RECOMMENDATON- 2

Oregon charges stem from an unrelated arrest that occurred prior to his federal incarceration, and because he has since served fifteen months of a federal sentence, and because he has notified the proper authorities of his demand for speedy trial in the Oregon action, his rights under the IADA have been violated.  Dkt. 1.  Mr. Flores misunderstands the IADA.

In *Fex v. Michigan*, 507 U.S. 43 (1993), the Supreme Court held that the 180-day period does not start until the speedy trial request is actually delivered to the court and the prosecutor.  Even assuming Mr. Flores's requests were proper and properly delivered—issues the Court does not address today—Mr. Flores's assertion that there has been a violation of the IADA is premature.  By his own admission, Mr. Flores's requests were sent in July 2014.  Thus, his claim underlying his habeas petition would not be ripe until late January 2015 at the earliest.

**B.     Mr. Flores's Petition Suffers Additional Defects**

Even if the required 180 day period had already passed, Mr. Flores's petition would likely be defective for other reasons.  As a prudential matter, federal courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *see also Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez–Vargas v. Gonzales*, 548 U.S. 30 (2006); *cf. Mokone v. Fenton*, 710 F.2d 998, 1002 (3d Cir. 1983) ("a habeas petitioner seeking ... to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending.").  As Mr. Flores's allegations center on the viability of the untried charges pending against him in the state of Oregon, relief must first be pursued in Oregon before the matter is presented here.[1]

---

[1] Pursuing relief in the jurisdiction where the charges underlying the detainer originate also comports with the IADA's requirement that "the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same

REPORT AND RECOMMENDATON- 3

Yet Mr. Flores provides nothing to suggest, and the Court has no reason to believe, he has presented his IADA violation claim to the Oregon courts beyond sending his notices of request for final disposition. Without exhaustion of his state court remedies, the Court would decline to consider Mr. Flores's claim concerning the state charges underlying his detainer.

## CONCLUSION

As Mr. Flores's petition is, at a minimum, premature, the Court recommends **DENYING** the habeas petition and **DISMISSING** this matter without prejudice. A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **November 11, 2014**. The Clerk shall note the matter as ready on **November 14, 2014,** for the Court's consideration. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 21st day of October, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

with prejudice." 18 U.S.C. App. II, art. V(c).

REPORT AND RECOMMENDATON- 4